J-S07026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES RAYMOND ALBERTO | : | |
| | : | |
| Appellant | : | No. 1040 MDA 2024 |

Appeal from the Judgment of Sentence Entered January 4, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004311-2021

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 30, 2025**

James Raymond Alberto appeals from the judgment of sentence entered following his jury convictions for first-degree murder, criminal solicitation (first-degree murder), criminal conspiracy (first-degree murder), and burglary.[1] He challenges the admission of evidence and the sufficiency and weight of the evidence. We affirm.

The trial court aptly summarized the evidence presented at the jury trial, viewed in the light most favorable to the Commonwealth as verdict-winner, as follows:

> On September 16, 2021, at approximately 1:30 p.m., Wilkes-Barre City police officers responded to 123 Willow Street, Wilkes-Barre and located Judith Comisky on the floor in the kitchen area of the home. She had suffered multiple stab wounds and was deceased. The manner of death was homicide. As part of the investigation, Wilkes-Barre City

---

[1] 18 Pa.C.S.A. §§ 2502(a), 902(a), 903(a)(1), and 3502(a)(1)(i), respectively.

detectives interviewed Jared Coletta. Mr. Coletta lived with Ms. Comisky at 123 Willow Street. He met her through their use of drugs. [Alberto] had also resided at 123 Willow Street with Ms. Comisky and he moved out of the residence at the time Mr. Coletta moved in. On the evening before the homicide, [Alberto] called Mr. Coletta and told him to leave the house because Judith Comisky was a confidential informant.

Charles Bierly was the most important witness to testify for the Commonwealth. He was the individual who killed Judith Comisky. At the time of the homicide, Charles Bierly was living in a hotel with his girlfriend. He worked as a bodyguard for his girlfriend who was a prostitute. He also sold fentanyl, heroin and methamphetamine to support his own drug habit and make money.

During the early morning hours of September 16, 2021, Charles Bierly met [Alberto] for the first time. [Alberto] came to the hotel where Charles Bierly was living and asked him if he wanted to make money by taking out a rat named Judy. [Alberto] believed Judith Comisky was going to testify against him regarding his drug activity. Charles Bierly was to receive $15,000.00, a car, four guns and four ounces of fentanyl from [Alberto] for killing Judith Comisky.

[Alberto] and Charles Bierly left the hotel. [Alberto] drove Charles Bierly to the area of 123 Willow Street. They walked past Judith Comisky's house so [Alberto] could show Charles Bierly where she lived. Charles Bierly had never met Judith Comisky and he did not know her.

[Alberto] then took Charles Bierly to a home where Eva Maslar resided. They discussed how Judith Comisky was to be killed. [Alberto] wanted Charles Bierly to "choke the life out of her" but he couldn't kill her that way so he asked for a gun. Eva Maslar obtained a gun from her handbag and gave it to [Alberto]. The gun was then provided to Charles Bierly by [Alberto]. Charles Bierly also received a code from [Alberto] to unlock the side door to Judith Comisky's home.

After leaving Eva Maslar's residence, [Alberto] and Charles Bierly traveled back to the hotel. They then went to 13 West Chestnut Street in the city of Wilkes-Barre to borrow a white Hyundai Sonata to use as a getaway vehicle. Charles Bierly did not know the owner of the vehicle. He

followed [Alberto] to a gas station to put gas in the white Hyundai Sonata which was paid for by [Alberto]. Charles Bierly then proceeded to 123 Willow Street to kill Judith Comisky.

Charles Bierly arrived at Judith Comisky's house and parked on a side street. He was wearing a bandana and a hoodie and had the gun tucked in his waistband. Charles Berly tried the code on the side door but the door would not open. He called [Alberto] and was told to knock on the door. After pulling the bandana down he knocked on the door and Judith Comisky opened it and allowed him to use her phone because his vehicle had allegedly broken down. Charles Bierly put the gun to her chest and backed her into the kitchen. The gun malfunctioned so he picked her up and slammed her on her head. Charles Bierly grabbed a pair of scissors and stabbed Judith Comisky. He opened a drawer, obtained kitchen knives and stabbed her repeatedly. He put a pillow over her head and tried to shoot her but he didn't know if the gun fired. Charles Bierly wrapped the knives in his bandana and fled the scene. He then returned to the hotel where he was living.

After arriving at the hotel, Charles Bierly washed his hands and face. He put his clothes and shoes in a bag to burn them. After obtaining campfire fuel and a metal garbage can at Walmart, Charles Bierly proceeded to the river near Nanticoke, Pennsylvania with his girlfriend. He threw the knives and the gun into the river and burned his clothes. They were eventually recovered by law enforcement. [Alberto] was contacted by Charles Bierly after the murder and a meeting occurred at the Dundee Apartments near Nanticoke. During that meeting, Charles Bierly told [Alberto] that Judith Comisky was dead.

During the early morning hours of September 17, 2021, Charles Bierly was arrested at the hotel where he was living. He was taken to the Wilkes-Barre City Police station and provided a statement regarding the murder of Judith Comisky. He entered a guilty plea to third degree murder, criminal conspiracy to commit criminal homicide and possession of firearms prohibited. Charles Bierly was sentenced after he testified for the Commonwealth during [Alberto's] trial.

On September 15, 2024[2], Victor Akey called [Alberto] to obtain fentanyl. Mr. Akey was a friend of [Alberto] and Judith Comisky. During the phone call, [Alberto] and Mr. Akey discussed their mutual belief that Judith Comisky had provided information to the police regarding a drug dealer who had been arrested. [Alberto] told Mr. Akey that Judith Comisky was a federal informant and he was going to kill her. Mr. Akey was asked how many times [Alberto] threatened to kill Judith Comisky because he believed she was a federal informant and he responded "a lot". Mr. Akey testified that [Alberto] had been getting very nervous for two to three weeks because he was "very scared that he was going to be picked up by the feds and he was going to go away for a long time." On the morning of September 16, 2021, [Alberto] told Mr. Akey, "I'm going to kill the bitch. She's a federal informant."

After [Alberto] was taken into custody on other charges, he was interviewed by Wilkes-Barre City detectives. He denied wanting to kill Judith Comisky. He did admit to being in the area of 123 Willow Street with Charles Bierly on the morning of September 16, 2021. [Alberto] also admitted to telling Jared Coletta to leave the 123 Willow Street residence because Judith Comisky was a "rat". He also admitted to discussing Judith Comisky potentially being a police informant or rat with Victor Akey. [Alberto] told the detectives he had given his phone number to Charles Bierly. During the interview process, Charles Bierly made multiple attempts to contact [Alberto].

Rule 1925(a) Opinion ("1925(a) Op."), filed 9/20/24, at 1-5 (unpaginated).

The jury returned guilty verdicts for the above-referenced offenses. The trial court sentenced Alberto to life imprisonment without the possibility of parole and a consecutive term of 26 to 52 years' imprisonment. Alberto filed a post-sentence motion challenging the weight and sufficiency of the evidence, which the trial court denied. This timely appeal followed.

---

[2] This appears to be a typographical error. The record reflects that the correct date is September 15, 2021. *See* N.T. 11/6/23, at 405-08.

Alberto raises the following claims:

1. Whether the lower court erred in denying [Alberto's] post-sentence motion where there was a lack of sufficient evidence presented at trial to prove every element of the crimes charged beyond a reasonable doubt?

2. Whether the lower court erred in denying [Alberto's] post-sentence motion where the verdicts of guilty on all charges following trial were against the weight of the evidence?

3. Whether the lower court erred in denying [Alberto's] post[-]sentence motion where the Court made mistakes concerning decisions to admit evidence presented by the Commonwealth of Pennsylvania over objection by defense counsel at the time of trial?

Alberto's Br. at 3 (suggested answers omitted).

Alberto maintains that there was insufficient evidence to support his convictions. He claims that the testimony against him was "conflicted and self-serving." *Id.* at 8. He further claims that the evidence shows that he was unaware of Bierly's crimes and that Bierly acted of his own accord. He alleges that the record shows that he did not conspire to commit the murder of the victim or enter her home. Alberto notes the absence of physical evidence against him and that he is only linked to the crimes through "speculation and conjecture[.]" *Id.* at 9.

"[W]hen challenging the sufficiency of the evidence on appeal, the [a]ppellant's [Pa.R.A.P.] 1925[(b)] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal." *Commonwealth v. Hoffman*, 198 A.3d 1112, 1125 (Pa.Super. 2018) (quoting *Commonwealth v. Gibbs*, 981 A.2d 274, 281

- 5 -

(Pa.Super. 2009)). "Such specificity is of particular importance in cases where, as here, the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id.* (quoting *Gibbs*, 981 A.2d at 281).

The trial court determined that Alberto waived his sufficiency claim. It made note that "[n]owhere in [Alberto's] 1925(b) statement does he specify any element of first-degree murder as an accomplice, criminal solicitation to commit first degree murder, criminal conspiracy to commit first degree murder or burglary as an accomplice allegedly unproven by the Commonwealth." 1925(a) Op. at 6 (unpaginated).

We agree that Alberto's 1925(b) statement does not identify the element or elements he challenges. The Rule 1925(b) statement reads:

> The verdicts of guilty on all charges following trial lacked sufficient evidence. The [c]ourt erred in entering the verdicts, as sufficient evidence was not presented at trial to prove every element of the crimes charged beyond a reasonable doubt. As there was insufficient evidence to support the verdicts, the [c]ourt erred in entering the verdicts, and the verdicts should be overturned and/or a new trial should be ordered.

Concise Statement of Errors Complained of on Appeal, filed 8/20/24, at ¶ 1. This statement fails to specify the element or elements of any of his crimes that he deems were insufficient and therefore lacks the necessary specificity required for a challenge to the sufficiency of the evidence.

Nonetheless, an otherwise vague 1925(b) statement may prove sufficient if the context of the litigation makes clear the issue that the

appellant intends to argue. *See Commonwealth v. Rogers*, 250 A.3d 1209, 1224-25 (Pa. 2021) (reversing Superior Court's finding of waiver of weight challenge where post-sentence motion and Rule 1925(b) together made the weight of the evidence claim "understandable from context").

This principle does not save Alberto's sufficiency claim, however. His post-sentence motion does not identify the element or elements he was challenging. In his post-sentence motion, under a heading denominated "Motion for Judgment of Acquittal," Alberto argued that "[t]he verdict of guilty on all charges was against the weight and sufficiency of the evidence." Post-Sentence Motion, 3/10/24, at ¶ 16. Nearly all the ensuing paragraphs, however, challenge the weight, and not the sufficiency of the evidence. *See*, *e.g.*, *id.* at ¶ 22 ("The Commonwealth's case lacked physical evidence against Mr. Alberto, and was predominately [sic] based mostly upon unreliable witnesses").

Several paragraphs in the post-sentence motion arguably go to sufficiency, but none of the paragraphs in the motion identify any specific element that Alberto contended was insufficiently supported. The motion argued:

- "The fact finder's verdict was not based upon the facts presented, but is the product of speculation and conjecture";
- "The record in this case demonstrates that [Alberto] did not conspire to intentionally or knowingly murder" the victim";

- "The record in this case also demonstrates that [Alberto] did not enter [the victim's home] with the intent to commit a crime therein";

- "Since the Commonwealth did not prove beyond a reasonable doubt that [Alberto] committed these [crimes], he must be acquitted as a matter of law";

- "It is evidently apparent from the record either through circumstantial or direct evidence that [Alberto] was unaware of Bierly's actions" on the day of the murder;

- "Furthermore, [Alberto] asserts that the record is sufficient to establish that Charles Bierly acted alone in the commission of the crimes attributed to" Alberto.

Post-Sentence Motion at ¶¶ 19, 20, 21, 24, 25, 26.

Some of these paragraphs appear to contend broadly that the evidence was insufficient to rise to the level of proof beyond a reasonable doubt without identifying any element for which the evidence was allegedly inadequate. **See** ¶¶ 19, 24. Others conceivably challenge the support for a given crime – such as conspiracy to commit murder – but seem to challenge several elements. **See** ¶¶ 20, 21.

Even when viewed in context, the Rule 1925(b) statement is insufficiently specific to preserve Alberto's sufficiency challenge. He therefore waived it. In any event, we find the evidence sufficient to support the

convictions for burglary, conspiracy, and first-degree murder, which appear to be the convictions that Alberto challenged in his post-sentence motion.

When reviewing a challenge to the sufficiency of the evidence, we must determine "whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Strafford*, 194 A.3d 168, 175 (Pa.Super. 2018) (citations and quotation marks omitted). The Commonwealth must also prove beyond a reasonable doubt that the defendant is the perpetrator of the crimes and may meet this burden through wholly circumstantial evidence. *Commonwealth v. Orr*, 38 A.3d 868, 872 (Pa.Super. 2011) (*en banc*). The finder of fact is free to believe all, part, or none of the evidence. *Id.* at 873.

To prove that a person is guilty of conspiracy to commit a crime, the Commonwealth must establish that a person with the intent of promoting or facilitating a crime:

> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
> (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a).

The Commonwealth sufficiently proves first-degree murder when it establishes that "(1) a human being was killed; (2) the accused caused the

death; and (3) the accused acted with malice and the specific intent to kill."

***Commonwealth v. Sanchez***, 82 A.3d 943, 967 (Pa. 2013); ***see also*** 18

Pa.C.S.A. § 2502(a).

To prove burglary, the Commonwealth must establish that "the offender

entered the premises with the contemporaneous intent of committing a crime

therein, at a time when he or she was not licensed or privileged to enter."

***Sanchez***, 82 A.3d at 973; ***see also*** 18 Pa.C.S.A. § 3502(a)(1)(i).

Although the court found that Alberto waived his sufficiency claim, it

nevertheless addressed the issue and concluded that it lacked merit. The court

determined that the evidence demonstrated Alberto enlisted Bierly to kill the

victim and committed overt acts in furtherance of their conspiracy. It also

found that the evidence showed that Alberto facilitated the burglary of the

victim's home by requesting and assisting Bierly in carrying it out. The court

pointed to the following evidence in support of its determination:

> [Alberto] lived with Judith Comisky and moved out of her
> residence shortly before she was killed. Ms. Comisky was
> familiar with [Alberto's] drug activity and he believed she
> was an informant and would provide information to the
> police and testify against him. [Alberto] had said he was
> going to kill Judith Comisky and he contacted Charles Bierly
> to do the killing for him. Charles Bierly did not even know
> Ms. Comisky but [Alberto] offered him $15,000.00, a car,
> guns and fentanyl to kill her. [Alberto] took Charles Bierly
> to Judith Comisky's residence and provided him with the
> code for the side door. [Alberto] obtained a gun and a
> vehicle for Charles Bierly to use to commit the murder and
> he even paid for the gas.

***Id.*** at 8-9 (unpaginated).

Viewing the evidence in the light most favorable to the Commonwealth, we agree with the trial court that the Commonwealth sufficiently established evidence for the crimes of first-degree murder, burglary, and conspiracy. The evidence established that Alberto entered into an agreement with Bierly to kill the victim, provided Bierly with information about the victim's home and how to access it, and supplied him with a firearm to carry out the killing.

Next, Alberto claims that all the guilty verdicts were against the weight of the evidence. Alberto limits his argument on this issue to the allegedly speculative and conjectural evidence at trial.

The trial court determined that Alberto waived his weight claim because "[n]either [Alberto's] post-sentence motion, nor his concise statement indicate how, why, or in what manner, the verdict was against the weight of the evidence." Rule 1925(a) Op. at 9 (unpaginated). It further determined that even if the claim was not waived, it lacked merit as the "weight of the evidence overwhelmingly established [Alberto's] guilt beyond a reasonable doubt." *Id.* at 10 (unpaginated).

We conclude that Alberto's claim is not waived as his Rule 1925(b) statement, when read against his post-sentence motion, sufficiently explains why he believes the verdict was against the weight of the evidence. *Rogers*, 250 A.3d at 1224-25. In his post-sentence motion, he claimed that the verdict was "a product of speculation and conjecture," and was based on unreliable witnesses Bierly, Maslar, and Akey. Post-Sentence Motion at ¶¶ 19, 22, 23, 27-28. Alberto sufficiently preserved a weight claim asserting that the

- 11 -

Commonwealth's witnesses were unreliable and their testimony was speculative. This is essentially the argument he presents in his appellate brief, albeit minimally. **See** Alberto's Br. at 10.[3]

The trial court may sustain a weight challenge and grant a new trial only where the evidence is "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." **Commonwealth v. Talbert**, 129 A.3d 536, 546 (Pa.Super. 2015) (citation omitted). We give great deference to the trial court in its review of a weight claim since the trial court saw and heard the evidence presented at trial. **See id.** We thus review the trial court's decision on a weight challenge for abuse of discretion. **See Commonwealth v. Wright**, 314 A.3d 515, 524 (Pa.Super. 2024).

Alberto's weight claim is meritless. Though Alberto described the testimony as speculative and conjectural, the jury was free to determine the credibility of the witnesses. The discrepancies in the testimony were not so great as to make the trial court's rejection of Alberto's weight argument an abuse of discretion.

In his final claim, Alberto alleges that the court erred in admitting video and phone evidence as well as prior bad acts testimony. He maintains that

---

[3] While Alberto's weight argument cites authorities, he does not extensively develop his argument. **See** Pa.R.A.P. 2119(a). However, we decline to find waiver as we believe we understand his point and our review is not materially hindered. If we have misapprehended his argument, it is waived due to the state of his brief. **See Irwin Union Nat'l Bank and Trust Co. v. Famous**, 4 A.3d 1099, 1103 (Pa.Super. 2010) ("When deficiencies in a brief hinder our ability to conduct a meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived").

this evidence "constituted circumstantial evidence, taken out of context, lacking in independent review and/or corroboration, and was ultimately irrelevant and highly prejudicial." Alberto's Br. at 11.

Under Rule 2119(a) and (c) of the Rules of Appellate Procedure, an appellant must in the argument section of the brief provide for each issue "citation of authorities as are deemed pertinent," as well as citations to the record for any matter appearing in it. ***See*** Pa.R.A.P. 2119(a), (c).[4] An appellant's failure to do so results in waiver. ***See Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa.Super. 2007) (*en banc*).

Alberto's argument on this point makes the completely undeveloped claim that the trial court erroneously "allowed, over objection," the admission of "correspondence and phone related correspondence," "video and phone related video," and "uncorroborated and unauthenticated testimony of prior bad acts[.]" Alberto's Br. at 10-11. His argument never identifies the exact evidence that he claims was improperly admitted, much less cites the place in the record where Alberto objected and the evidence was nonetheless admitted. Alberto does not explain the reason he believes any of it was inadmissible other than to vaguely claim that it was "ultimately irrelevant and highly prejudicial," or cite a single authority and attempt to explain its application to the facts. This is not an issue of first impression, and Alberto

---

[4] Alberto's statement of the case likewise violates the Appellate Rules by failing to cite "the place[s] in the record where evidence substantiating the fact[s] relied on may be found." Pa.R.A.P. 2117(a)(4).

does not claim that it is such that there would be no authority to cite. Alberto's failure to properly develop his argument has hindered our ability to conduct appellate review. *See Irwin Union Nat'l Bank and Trust Co.*, 4 A.3d at 1103. As such, we conclude his evidentiary issue is waived. *See Beshore*, 916 A.2d at 1140; *Commonwealth v. Armolt*, 294 A.3d 364, 377 (Pa. 2023).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/30/2025